**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| ROy COMBS, #30807-177,  )  | |
|     Plaintiff,                           ) | |
| ) | |
| v.                                                )  | 3:06-CV-0074-P |
| )  | ECF |
| CITY OF DALLAS, et al.,                 ) | |
|     Defendants.                    ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court filed on March 23, 2006, this case has been re-referred to the United States Magistrate Judge for report and recommendation. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

    Type of Case:  This is a civil rights action brought by a federal prisoner.

    Parties:  Plaintiff is presently confined at FCI El Reno in El Reno, Oklahoma.

    Defendants are the City of Dallas, the Dallas Police Department Narcotics Division, Detective Brenita Dunn, Detective Larry Moses, Detective Norman Bell, former Chief of Police Terrell Bolton, former Chief Deputy Dallas Police Department J.C. Martinez, Defense Counsels Sam Hudson, Nan Lollar, Ray Jackson, and Cheryl Wattley, Drug Enforcement Administration (DEA) Task Force Agent Tommy Hale, Police Officers Becker and Misak, Deputy Chief of Internal Affairs Calvin Cunigan, Chief of Police David M. Kunkle, and several unidentified individuals.

The Court did not issue process in this case, pending preliminary screening. On July 12, 2006, the Court issued a questionnaire to Plaintiff who filed his answers thereto on August 10, 2006.

Statement of Case: Plaintiff, who was on a 75-year probation term with the State of Texas, had worked informally for the Dallas Police Department (DPD) since about 2000, providing information concerning drug deals. (Complaint at 2). According to Plaintiff, he "cooperated" with DPD detectives and agents because of repeated threats, coercion, and intimidation. (*Id.* at 2-3). In October 2002, Plaintiff was arrested for a state drug offense, which was ultimately dismissed for insufficient evidence. (*Id.* at 4-5). In January 2003, months before he even learned that the October drug case would be dismissed, DPD formally signed him up through Counsel Nan Lollar to arrange for drug purchase(s) during an encounter with Detective Brenita Dunn and a sergeant. (*Id.* 5). Upon completion of a purchase, which led to the arrest of two individuals, on January 24, 2003, the relationship deteriorated.

Thereafter, on June 30, 2003, Plaintiff was arrested on the basis of a federal indictment, for conspiring to distribute narcotics with some of the same individuals he had told DPD about. *See United States v. Combs*, 3:03cr188-N(09) (N.D. Tex., Dallas Div.). According to the government, Plaintiff's conduct amounted to double dealing – namely that while he was working to infiltrate a drug organization for DPD, he was dealing with the same organization to profit from the sale of cocaine. On May 25, 2004, a jury convicted Plaintiff along with his co-defendants. The District Court assessed punishment at 296 months imprisonment and a five-year term of supervised release. The Fifth Circuit affirmed his conviction and sentence on direct appeal *Combs v. United States*, No. 04-11359 (5th Cir. Jul. 24, 2006).

In this action, Plaintiff alleges that Defendants' actions and omissions violated his constitutional rights. Specifically he alleges that the unlawful seizures and confiscations of his personal property throughout the events at issue in this case violated his Fourth Amendment rights. (Complaint at 15). He further alleges violations of his due process rights in connection with Defendants' repeated failure to follow official policies and procedures. (*Id.*). With respect to his defense counsel, he alleges that his Six Amendment right to the effective assistance of counsel was repeatedly violated, and that all four attorneys repeatedly violated ethic rules. (*Id.*). Plaintiff requests monetary damages.[1]

Findings and Conclusions: Although Plaintiff paid the $250.00 filing fee, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998) (the statutory screening provision under § 1915A applies to all prisoners' actions against governmental entities, their officers and employees, regardless of whether the prisoner is proceeding *in forma pauperis*). Section 1915A provides in pertinent part that:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which <u>a prisoner</u> seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

---

[1] Plaintiff also requests that each Defendant be required to take a polygraph test, and that he/she be prosecuted. Investigations in possible criminal activities and the prosecution of federal criminal offenses fall within the exclusive jurisdiction of the executive branch of the federal government. *See Pierre v. Guidry*, 75 F. Appx. 300, 300 (5th Cir. 2003) (per curiam) (citing *Cort v. Ash,* 422 U.S. 66, 79 (1975)) (plaintiff has no right to bring a private action under federal criminal statutes); *Oliver v. Collins*, 904 F.2d 278, 280-81 (5th Cir. 1990) (the decision to file or not to file criminal charges falls within this category of acts that will not give rise to § 1983 liability).

28 U.S.C. § 1915A(a) and (b) (emphasis added).

Section 1915A(b) provides for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

At the outset, the Court notes that the complaint names as a defendant the Dallas Police Department Narcotics Division. Since the complaint specifically names the City of Dallas as a defendant, it appears that the Dallas Police Department Narcotics Division is just surplusage. Nevertheless, the Dallas Police Department is subject to dismissal at the screening stage because it is nothing more than a servient political agency or department that does not enjoy a separate and distinct legal existence. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313 (5th Cir. 1991).

The lengthy delay between the claims alleged in the complaint and the date of filing of Plaintiff's complaint in this Court on January 11, 2006, prompts consideration of the timeliness of this action. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) ("Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed," pursuant to § 1915(e)(2)(B)); *see also Gonzales v. Wyatt*, 157 F.3d 1016, 1019-1020 (5th Cir. 1998) (same). In Texas, § 1983 actions are governed by the two-year personal injury limitation period. *Stanley v. Foster*, ___ F.3d ___, 2006 WL 2605222, *1 (5th Cir. 2006); *Owens v. Okure*, 488 U.S. 235,

249-50 (1989); *Piotrowski v. City of Houston*, 51 F.3d 512, 514 n.5 (5th Cir. 1995); Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon Supp. 2006).[2]

The complaint alleges that Detective Brenita Dunn, Detective Larry Moses, Detective Norman Bell engaged in extortion, conspiracy to extort, and intimidation, and threatened to file "trumped up drug charges" against Plaintiff and violate his parole. (Complaint at 2-4). Specifically, Plaintiff complains that these defendants raided his business on June 6, 2000 (the complaint states June 6, 2002), without a warrant, and seized a 1994 Ford. (*Id.* at 2). On June 8, 2000, Plaintiff met with Detectives Bell and Moses, who informed him that he had sold a car to a drug dealer and that, if he did not cooperate with the Dallas Police Department, criminal charges would be filed against Plaintiff and his parole would be revoked. (*Id.* at 2-3). These Detective confiscated more vehicles from Plaintiff's business in January and March 2001 and carried on with their threat and extortion practices if he did not cooperate. (*Id.* at 3). The alleged extortions and threats continued throughout 2001 even after Detective Bell was indicted for rape in one of the vehicles confiscated from Plaintiff's business. Plaintiff claims that after the rape charge, Bell and the other detective repeatedly threatened Plaintiff to become Bell's confidential informant and private investigator, and to give perjured testimony at his rape trial. They even contacted the

---

[2] Pursuant to *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995), which relied on *Houston v. Lack*, 487 U.S. 266 (1988), a *pro se* prisoner complaint is deemed filed when the prisoner tenders it to prison officials for mailing. Here Plaintiff failed to include the date on which he signed his complaint (Complaint at 16). On January 3, 2006, he obtained a certificate of inmate trust account (CTA), which he mailed to this Court along with his complaint. (See CTA attached to complaint). Therefore, absent additional information, this court is bound by the January 3, 2006 date, and concludes that Petitioner could not have mailed his federal complaint before issuance of the certificate of inmate trust account. Nevertheless, the long delays in this case would render irrelevant any benefit of the mailbox rule.

Texas Department of Criminal Justice, Parole Division, to request that Plaintiff be permitted to become a confidential informant. (*Id.* 3-4).

Under the facts presented above, all claims against Detectives Brenita Dunn and Larry Moses accrued at the latest by June 2002. Plaintiff does not allege that he did not know of the injuries that are the basis for his claims against these Defendants or that, if not tolled, the limitation period did not begin to run on that date. He merely requests that the "statute of limitation[s] be suspended . . . on the knowledge or [sic] corruption on this Dallas Police Division." (Complaint at 14). Such a contention is wholly unsupported. Nor has this Court found any legal basis to toll the limitations period as Plaintiff suggests. It is clear, therefore, that the limitations period began to run on or about June 2002, and expired two years later on or about June 2004. Therefore, Plaintiff's claims against Detectives Dunn, Bell and Moses are untimely and should be dismissed.[3]

The same applies to Plaintiff claims against Officers Becker and Misake and the six unknown police officers who allegedly filed "trumped up charges" on Plaintiff on October 17, 2002. (Complaint at 4). It appears that following a raid, Plaintiff was detained allegedly on the basis of racial profiling, and arrested for possession of a firearm, which had been found along with $750.00 during a search of his car. At a bail hearing, Plaintiff learned for the first time that he had been charged for drug possession, *see* number F02-55882, in addition to the gun charge, *see* number F02-55883. The gun charge was subsequently dismissed on November 15, 2002,

---

[3] To the extent Plaintiff seeks to argue that the statute of limitations should be tolled because he is incarcerated, his claim is meritless. (Answer to Question 1). A federal court must apply state tolling provisions unless Congress has specifically directed otherwise. *Gonzales*, 157 F.3d at 1020 (applying state tolling provisions in a § 1983 action). Under Texas law, imprisonment does not act to toll the statute of limitations. *Id.*

because no bill of indictment was returned by the grand jury. (*See* Appendix 1 attached to Complaint). Plaintiff claims that the drug charge continues to "hang[] over [his] head to this day," and that it was filed merely to seize the money and personal property in his brief case and vehicle. (Complaint at 4-5). Attached to the complaint, however, is a letter from the chief of police, dated April 10, 2003, requesting that the drug charge be dismissed.

With respect to the gun charge, Plaintiff's claims accrued at the lasted by November 15, 2002, when the gun charge was dismissed. (*See* Appendix 1 attached to Complaint). Any claims related to the drug charge accrued on or about April 10, 2003, when the DPD requested that the charge be dismissed. (Exh. 3 attached to Complaint). Plaintiff does not allege that he did not know of the injuries that are the basis for his claims against Defendants Becker, Misake and the unknown police officers in November 2002 and April 2003 respectively or that, if not tolled, the limitations period did not begin to run on that date. It is clear, therefore, that the limitations period began to run as to the gun charge on or about November 15, 2002, and as to the drug charge on or about April 2003, and that it expired two years later on or about November 15, 2004 and April 2005 respectively. Therefore, Plaintiff's claims against Becker and Misake and the six unknown police officers are untimely and should be dismissed.[4]

Plaintiff also complains of the seizure and alleged conversion of the $750.00 and other personal property seized from him at the time of his arrest in October 2002. These claims lack an arguable basis in law. The Supreme Court has held that the unintentional loss of life, liberty or property does not state a cause of action under 42 U.S.C. § 1983. *Daniels v. Williams*, 474

---

[4] The complaint states the gun charge was no billed on November 14, 2003, instead of November 15, 2002. (Complaint at 4). Nevertheless, any claim stemming from the above would be time barred.

U.S. 327, 328 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347 (1986). Where mere negligence is involved in causing a deprivation or damage to property, no procedure for compensation is constitutionally required. *Id.* Therefore, insofar as Plaintiff's claim for theft of his money and property is grounded on negligence, it lacks an arguable basis in law and should be dismissed as frivolous.

To the extent Plaintiff seeks redress for the intentional conversion of the $750.00 and other personal property seized from him, the United States Supreme Court has held that the intentional deprivation of property by state employees does not constitute a civil rights violation as long as the state provides a meaningful post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *accord Nickens v. Melton*, 38 F.3d 183, 184-85 (5th Cir. 1994); *Holloway v. Walker*, 790 F.2d 1170, 1174 (5th Cir. 1986) (finding no breach of federally guaranteed constitutional rights, even where a high level state employee intentionally engages in tortious conduct, as long as the state system as a whole provides due process of law). "In essence, the doctrine protects the state from liability for failing to provide a predeprivation process in situations where it cannot anticipate the random and unauthorized actions of its officers." *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). The plaintiff bears the burden to establish that the state's post deprivation remedy is inadequate. *Id.* at 94-95.

Under Texas state common-law, Plaintiff may sue for conversion to remedy his alleged property loss. *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994); *Myers v. Adams*, 728 S.W.2d 771 (Tex. 1987). Conversion occurs when there is an unauthorized and unlawful exercise of dominion and control over the personal property of another which is inconsistent with the rights of the owner. *Beam v. Voss*, 568 S.W.2d 413, 420-21 (Tex. Civ. App. -- San Antonio 1978, *no*

*writ*).  If any of the named Defendants exercised unauthorized and unlawful control over Plaintiff's money and personal property, he has a cause of action in conversion.  Such a common-law action in state court would be sufficient to meet constitutional due process requirements.  *Murphy*, 26 F.3d at 543-44.  In light of this adequate state common-law remedy, Plaintiff's claims based on the alleged conversion of his $750.00 and other personal property frivolous and/or fail to state a claim upon which relief can be granted.

Next Plaintiff alleges that Detective Brenita Dunn and Sgt. A.L. Sutton caused Plaintiff to enter into a fraudulent contract with the DPD Narcotics Division on or about December 12, 2002.  (Complaint at 8).  According to Plaintiff, this contract was never approved and Plaintiff was never given instructions on what he was required to do.  (*Id.*).  Later that day, Brenita Dunn along with five unidentified detectives, two unidentified supervisors, and one helicopter operator allegedly "knowingly and intentionally destroyed the evidence of a drug surveilance that [was] conducted in the South Dallas area."  (Complaint at 8).  Plaintiff claims this destruction was intended "to entrap plaintiff and cause plaintiff unjust harm."  (Id.).  On December 27, 2002, Detective Dunn faxed to Attorney Lollar an "Agreement to Cooperate for Plea Bargain Recommendation" in connection the pending state drug charge, number F02-055882.  (*Id.* and Appendix 2 attached to complaint).  Plaintiff claims the above document was "fraudulent."  Nevertheless, he and his attorney signed the same on January 6, 2003.  (App. 2 attached to Complaint).

Under the above facts, all claims against Dunn, Sutton, and the unidentified supervisors, detectives and helicopter operator accrued at the latest by January 2003.  Plaintiff does not allege that he did not know of the injuries that are the basis for the claims against these Defendants or

9

that, if not tolled, the limitation period did not begin to run on that date. Accordingly, the limitations period began to run by January 2003, and expired two years later by January 2005. Therefore, Plaintiff's claims against the above Defendants are time barred and should be dismissed.

In addition to the defendants discussed above, Plaintiff seeks to sue the City of Dallas, former Chief of Police Terrell Bolton, former Chief Deputy J.C. Martinez, Deputy Chief of Internal Affairs Calvin Cunigan, Manny Guevarra, and Chief of Police David M. Kunkle. These Defendants, however, are only named in the caption of the complaint. The mere fact that a person is named as a defendant in the caption of a complaint is insufficient to state a claim upon which relief may be granted. Here it is clear that Plaintiff has failed to allege any acts or omissions by the City of Dallas or any of the above Defendants in their individual capacities. (*See* Answer to Questions 10-12). Moreover, since these Defendants are being sued in connection with the time barred claims discussed *supra*, any claims against them should likewise be dismissed on limitations grounds.

Next, Plaintiff seeks to sue the attorneys who represented him throughout the events leading to as well as during his state and federal criminal prosecutions. He relies on 42 U.S.C. § 1983 and *Bivens*. In order to state a civil rights claim cognizable under § 1983 or *Bivens*, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or law of the United States; and (2) the deprivation was caused by one acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988) (for elements of § 1983 action); *Evans v. Ball*, 168 F.3d 856, 863 n. 10 (5th Cir. 1999) (noting that "[a] *Bivens* action is analogous to an action under § 1983-the only difference being that § 1983 applies to

10

constitutional violations by state, rather than federal, officials"). Absent either element, a claim is not cognizable under either § 1983 or *Bivens*.

Attorney Sam Hudson represented Plaintiff from 2000 through 2002, while Plaintiff was allegedly being threatened by DPD Detectives and when he was arrested on the drug charges in October 2002. (Complaint at 3 and 10). Attorney Nan Lollar replaced Hudson in 2002, and continued with Plaintiff's representation until Ray Jackson took over on or about December 17, 2003. *U.S. v. Combs*, 3:03cr188-N(09) (docket entry # 283). On May 10, 2004, Cheryl Wattley substituted as counsel for Plaintiff. *Id.* (docket entry #763). She represented Plaintiff through trial and sentencing. On February 11, 2005, Wattley was terminated and new counsel was appointed for appeal purposes. *Id.* (docket entry #840).[5]

Plaintiff claims that Hudson, Lollar and Jackson's representation was negligent and amounted to legal malpractice. (Complaint at 6-7 and 10). Neither appointed nor retained counsel acts under color of state law in representing a defendant during criminal proceeding. *See Polk County v. Dodson*, 454 U.S. 312, 324, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981) (public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal case); *Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 678 (5th Cir. 1988) (court appointed counsel are not official state actors); *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985) (retained counsel does not act under color of state law). The same rationale applies to appointed or retained counsel in a federal criminal case. *McLeod v. Knowles*,

---

[5] Plaintiff alleges that Defense Counsel Cheryl Wattley conspired with government prosecutors throughout his criminal trial in May 2004. In light of this allegation, as supplemented by the answers to the questionnaire, the Court assumes, for screening purposes, that Plaintiff adequately pled that the "color of law" requirement as to Defendant Wattley. Thus, the Court will address any claims against Wattley more fully below.

11

2006 WL 1738286, *1 (C.A.5 (Tex. (C.A.5 (Tex.),2006) (unpublished per curiam) (attached excerpt) (extends *Polk County v. Dodson* to a *Bivens* action against court appointed counsel). As such the conduct of Defendants Hudson, Lollar and Jackson in representing Plaintiff is not cognizable under § 1983 or *Bivens*.

Even when liberally construed in accordance with his *pro se* status, Plaintiff's claims against Hudson, Lollar and Jackson fail to allege federal subject matter jurisdiction. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001) (subject matter jurisdiction is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action); *Moody v. Empire Life Ins. Co.*, 849 F.2d 902, 904 (5th Cir. 1988) (same).

The complaint fails to allege a federal question arising under the Constitution or federal law with respect to Attorneys Hudson, Lollar and Jackson. *See* 28 U.S.C. § 1331. Nor can Plaintiff rely on diversity of jurisdiction. *See* 28 U.S.C. § 1332(a) (Absent a federal question, complete diversity of citizenship between adverse parties and at least $75,000 in controversy are required to establish subject matter jurisdiction). It is clear from the face of the complaint that Plaintiff and Defendants Hudson, Lollar and Jackson are citizens of the State Texas. For purposes of diversity jurisdiction, a prisoner is a citizen of the state of which he was a citizen before he was sent to prison unless he plans to reside elsewhere when he is released, in which event he is a citizen of that state. *Bontkowski v. Smith,* 305 F.3d 757, 763 (7th Cir.2002). Since Plaintiff was a Texas citizen before his incarceration, and has no plans to reside in a state other than Texas following his release (*see* Answer to Question 14), he is deemed to be a Texas citizens for purposes of diversity jurisdiction. Therefore, Plaintiff's claims against Hudson,

Lollar and Jackson, insofar as they rely on 28 U.S.C. §§ 1331 and 1332, should be dismissed for want of jurisdiction.[6]

Next the complaint seeks to sue DEA Task Force Officer Tommy Hale for allegedly giving false testimony before a federal grand jury, which ultimately resulted in Plaintiff being charged and convicted in No. 3:03cr188-N(09). (Complaint at 10-11). The gravamen of Plaintiff's complaint is that he was indicted based on perjured testimony, and that, as a result, he should receive monetary compensation. In answer to the questionnaire, however, Plaintiff fails to identify the allegedly false testimony of Tommy Hale before the federal grand jury. (*See* Answer to Question 2). Even assuming such false testimony was presented to the federal grand jury, as a threshold matter, the Court must determine whether it has jurisdiction to entertain a claim based on alleged constitutional violations that occurred during the course of a criminal proceeding.[7]

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the Supreme Court held that a party may not maintain a civil rights action based on the legality of a prior criminal proceeding unless

---

[6] Alternatively, the Court notes that any claim against Defendant Hudson is time barred. Over two years have elapsed since Lollar replaced Hudson as Plaintiff's counsel.
In addition to suing Lollar for legal malpractice, Plaintiff alleges that she conspired with DEA Agent Hale to cause him harm. (Complaint at 11). This allegation of a conspiracy, even when supplemented by Plaintiff's answers to Question 1, is conclusional and does not suffice to state a civil rights conspiracy claim. *See Mills v. Criminal District Court # 3,* 837 F.2d 677, 679 (5th Cir.1988); *see also Hale v. Harney,* 786 F.2d 688, 690 (5th Cir.1986). Nevertheless, this claim is time barred. Plaintiff concedes that Lollar and Hale agreed to the purported conspiracy on July 22, 2003, and met on November 3, 2003, in further of the conspiracy. (Answer to Question 1). Both of these dated predated the filing of the complaint by more than two years.

[7] Although some Circuits have applied absolute immunity to testimony before a grand jury, the Fifth Circuit has expressly refused to extend absolute immunity to cover such testimony. *See Wheeler v. Cosden Oil & Chemical Co.,* 734 F.2d 254, 261 & n. 16, *modified,* 744 F.2d 1131 (5th Cir.1984) (excerpt attached).

13

a state court or federal habeas court has determined that the terms of confinement are in fact invalid. This rule applies equally to *Bivens* actions. *Stephenson v. Reno,* 28 F.3d 26, 27 (5th Cir. 1994). The critical inquiry is whether a judgment in favor of the plaintiff in the civil action would "necessarily imply the invalidity of his conviction or sentence." *Heck*, 512 U.S. at 486-87. If so, the claim is barred unless the conviction has been reversed or declared invalid. *Id.*

Plaintiff's claim against Defendant Hale, for allegedly giving false testimony before the federal grand jury which ultimately indicted him, necessarily implies the invalidity of his conviction. *See Williams v. Martinez*, No. 03-40300, 74 Fed. Appx. 406 (5th Cir. Sep. 3, 2003) (*Bivens* claim alleging conspiracy, perjury, unlawful search, prosecutorial misconduct, and selective prosecution that resulted in indictment and conviction implied invalidity of plaintiff's conviction and was barred by *Heck*); *Churchill v. Whitaker*, 2005 WL 3534208 (N.D. Tex. Dec. 9, 2005), findings, conclusion and recommendation adopted Dec. 27, 2005 (federal prisoner's *Bivens* claim that ATF agents had violated his constitutional rights by paying a cooperating witness to perjure himself before a grand jury, which resulted in his conviction, was barred by *Heck*).

Plaintiff's criminal conviction has not been reversed on direct appeal, expunged by executive order, or called into question by a federal writ of habeas corpus. Unless and until that occurs, Plaintiff cannot maintain a civil action for damages against DEA Agent Hale under *Bivens*. *See Heck*, 512 U.S. at 488-89; *accord Randell*, 227 F.3d at 301 ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of *Heck*, he is barred from any recovery . . . .").

*Heck* also bars Plaintiff's claims against defense counsel Cheryl Wattley. According to Plaintiff, Wattley willingly undertook his representation in federal criminal No. 3:03cr188-N although she knew of a potential conflict of interest – namely her friendship with Detective Brenita Dunn and her prior representation of Detective Norman Bell during his state rape trial. (Complaint at 9 and Answer to Question 5). Plaintiff argues that he did not realize the intricacy of this conflict of interest until the day Detective Dunn testified at his criminal trial, and former Detectives Bell and Mosses were scheduled to testify. (Answer to Question 8). He concedes, however, that he hired Wattley as defense counsel because Detective Bell had refused to talk to his prior counsel, and specifically advised him that he would work with Wattley and give his testimony. (Answer to Question 7).

Plaintiff's conflict of interest claim if true implicates the validity of his conviction. An allegation that counsel worked under a conflict of interest raises a Sixth Amendment claim of ineffective assistance of counsel, which is cognizable in a post-conviction motion to vacate or set aside sentence under 28 U.S.C. § 2255. *See U.S. v. Goodley*, 2006 W L 1388439, *1 -2 (5th Cir. 2006) (claim that counsel operated under a conflict of interest is cognizable in a motion to vacate, set aside, or correct sentence); *Torres v. Hynes*, 200 WL 1052075, *3 -4 (E.D.N.Y.,2000) (applying *Heck* to Plaintiff's complaint which challenged conviction *inter alia* on the basis that counsel operated under a conflict of interest).

The same applies to Plaintiff's claim that Wattley allegedly conspired with government prosecutors -- i.e., Assistant United States Attorneys Dan Guess and Jeri Sims. (Answer to Question 9). In support of this assertion, Plaintiff states that Detective Dunn and Antonio Cruz's perjured testimony at trial was permitted without objection from the government. (*Id.*). He

15

argues that Wattley denied him the right to testify in his own behalf allegedly in furtherance of this conspiracy. According to Plaintiff, he was the only person who knew that Dunn and Cruz's testimony was false and who could have rebutted their testimony at trial. (*Id.*). Plaintiff further alleges that Wattley failed to request a continuance of his trial, contrary to her initial assurance that she would ask for a continuance so that she would be better prepared for trial. (*Id.* and Answer to Question 8).

As noted above, *Heck* requires Plaintiff to have his conviction reversed or expunged on appeal or through a federal habeas petition, before pursuing a civil rights claim for money damages. Plaintiff cannot satisfy this pre-requisite at the present time. His conviction was recently affirmed and he has yet to file a § 2255 motion. Therefore, the District Court should dismiss Plaintiff's claims against Defendants Hale and Wattley with prejudice as frivolous to their being asserted again until the *Heck* conditions are met. *See Johnson v. McEleveen*, 101 F.3d 423, 424 (5th Cir. 1996) (noting preferred language); *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996) (§ 1983 claim which falls under the rule in *Heck* is legally frivolous); *see also Marts v. Hines*, 117 F.3d 1504, 1506 (5th Cir. 1997) (holding that dismissals as frivolous or malicious under 28 U.S.C. § 1915(e)(2) should be deemed to be dismissals with prejudice unless the district court specifically dismisses without prejudice).[8]

---

[8] In *Clarke v. Stalder,* 154 F.3d 186, 190-191 (5th Cir.1998) (*en banc*), the Fifth Circuit held that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of *Heck v. Humphrey. But see Williams v. Cleer*,123 F. Appx. 591, *593 (5th Cir. 2005) (unpublished per curiam) (following *Stadler* and dismissing damages claim as barred by *Heck* without prejudice to refiling at such time as the conviction or imprisonment has been expunged, reversed or otherwise set aside).

16

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's claims against the City of Dallas, the Dallas Police Department Narcotics Division, Detective Brenita Dunn, Detective Larry Moses, Detective Norman Bell, former Chief of Police Terrell Bolton, former Chief Deputy Dallas Police Department J.C. Martinez, Counsel Sam Hudson, Counsel Nan Lollar, Counsel Ray Jackson, Police Officers Becker and Misak, Deputy Chief of Internal Affairs Calvin Cunigan, Chief of Police David M. Kunkle be DISMISSED with prejudice as frivolous. *See* 28 U.S.C. § 1915A(b)(1).

Insofar as Plaintiff's claims against Counsel Hudson, Lollar and Jackson rely on 28 U.S.C. §§ 1331 and 1332, it is recommended that they be DISMISSED for want of jurisdiction.

It is further recommended that Plaintiff's claims against Defense Counsel Cheryl Wattley and DEA Agent Tommy Hale be DISMISSED with prejudice as frivolous to their being asserted again until the *Heck* conditions are met.

The Clerk will mail a copy of this recommendation to Plaintiff.

Signed this 22nd day of September, 2006.

*Wm. F. Sanderson, Jr.*

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation.  Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge

of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.